*1346 OPINION.
Seefkin:
Three items are involved, all taken as deductions from 1922 income. The first, $2,729.04, represents amounts paid out by or charged to the petitioner as the result of his guarantee of a customer’s accounts. As a shoe salesman he got a commission of 10 per cent on between $30,000 and $40,000 worth of goods sold to this customer in 1922. The fact that he continued to guarantee the account in 1923 and continued to sell the customer in that year is the strongest fact against a determination that he had realized a loss in 1922. But that is weakened considerably by the surrounding circumstances and the motives impelling the petitioner. Although he received commissions in 1922 in excess of the loss on the guarantee, and although he could continue to operate in that manner and make money, we are unable to say that a loss of $2,729.04 was realized in 1922 so long as he was dealing with the customer upon the same basis in the following year. We think it a fair assumption that the petitioner did not consider the amount as lost to him and that, in 1922, conditions were not such that the loss was then sustained, nor do the circumstances justify the deduction of the amount as a bad debt, since the statutory requirements were not present.
The evidence is unsatisfactory to show that the respondent erred as to the other two items. The note of Griffin had no maturity expressed on its face. There is no evidence fixing the time when the hopes of the petitioner for payment out of Griffin’s partnership interest were destroyed. We are unable to conclude either that-there was a loss in 1922 or that a bad debt was ascertained to be worthless and charged off within that year. As to the other item, there is nothing which would lead us to say that the petitioner’s loan of $1,500 to Dunning was worthless in 1922, and the act by which the petitioner was charged with $1,000 in the accounts of the George D. Witt Shoe Co. in 1923 leads to a definite conclusion that it was not until 1923 that the determination of worthlessness was made.
Reviewed by the Board.

Judgment will be entered for the respondent.